## CIRCUIT COURT OF ESSEX COUNTY

Karen G. Gray

v.

P. Declan Burke

March 2, 1994

BY JUDGE JOSEPH E. SPRUILL, JR.

In March, 1989, the defendant physician performed a sterilization procedure upon the plaintiff. Thereafter, in July, 1993, a child was born to the plaintiff. She brings this Motion for Judgment seeking damages for breach of contract.

A hearing was held on February 16, 1994, to consider various motions filed by the defendant.

### *Demurrer*

A central issue is whether this case involves a breach of contract, as the plaintiff contends, or sounds in tort, as the defendant contends. If this is a tort action, both parties agree that the statute of limitations has run.

Prior to the operation, the plaintiff and the physician signed a paper entitled "Sterilization Consent Form," filed as an exhibit.

The plaintiff claims that this form is a contract, made so by the terms of the physician's statement therein that the operation "is intended to be a final and irreversible procedure . . . ." This statement, says the plaintiff, guarantees the outcome. She claims that by signing the consent form, the doctor "promised" a final and irreversible sterilization.

A reading of the consent form shows that it is simply that, an acknowledgment by the patient of the nature of the operation and its intended consequences and confirmation by the doctor that he explained the nature and risks of the operation and its intended effect upon the patient.

In Paragraph 12 of the Motion for Judgment, the plaintiff alleges that the "procedures . . . that he [the defendant] did undertake . . . were not proper, adequate, safe, or successfully accomplished . . . ." The plaintiff's initial contact with the defendant was for medical services. By undertaking her treatment, the defendant impliedly represented that he had the skill of a reasonably prudent practitioner in the field. Failure to comply with the standard of care is actionable as "malpractice." Malpractice means "any tort based on health care." Virginia Code § 8.01–581.1; *Pierce v. Caday*, 244 Va. 285 (1992); *Glisson v. Loxley*, 235 Va. 62 (1988).

We find that this is a tort action, and the demurrer is sustained.

### Motion for Summary Judgment

The defendant moves for summary judgment claiming that in the event this was found to be a contract action, the contract itself does not contain a guarantee of results, the breach of which the plaintiff contends gives rise to this action.

The plaintiff finds a guarantee of results in this statement from the consent form:

> Shortly before I performed a sterilization operation . . . I explained to him/her the nature of the sterilization operation . . . the fact that it is intended to be a final and irreversible procedure and the discomforts, risks, and benefits associated with it.

Neither this statement nor any other found in the sterilization consent form can reasonably be construed to give a guarantee of result. Indeed, the statement of what the operation is intended to accomplish and the risks associated with it belie any claim or expectation of a guarantee. The language is plain and unambiguous. In conformity with well-established evidentiary principles, the Court is not at liberty to search for meaning beyond the instrument itself.

The Motion for Summary Judgment is sustained.

### Statute of Limitations

The plaintiff concedes that if this is found to be a tort action, the statute of limitations has run. Therefore, the plea is sustained.

In view of the foregoing, the Court deems it unnecessary to address the venue question or the applicability of Virginia Code § 54.1–2979.